IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| WILLIE HENRY REID, | : |
|     Plaintiff, | : |
| vs. | :    1:04-CV-157 (WLS) |
| CITY OF ALBANY, GEORGIA, | : |
|     Defendants. | : |

## ORDER

Presently pending before the Court is Defendant's motion for summary judgment. (Tab 21). Plaintiff is proceeding *pro se* and was notified by the Court of the necessity of filing a response to the motion. (Tab 22). Plaintiff has filed a response to the motion. (Tab 24). For the following reasons, Defendant's motion for summary judgment (Tab 21) is **GRANTED.**

## BACKGROUND

Between December 2000 and November 2002, Plaintiff alleges that his ex-wife harassed him and made false allegations against him to the Albany Police Department. As a result of these allegations Plaintiff was allegedly arrested numerous times by the Albany Police Department. Plaintiff alleges that the Albany Police Department did not properly investigate these allegations and were biased against him because of his gender.

On December 28, 2001, Plaintiff was arrested for domestic violence against his ex-wife, Velma Reid. On March 16, 2002, Plaintiff was arrested for domestic violence and abuse against his girlfriend and her son, Beatrice Brown and Jeremiah Brown. It is unclear from the record whether these arrests resulted in convictions or extensive jail time. On April 25, 2002, Plaintiff was arrested for aggravated stalking against his ex-wife. As a result of this arrest Plaintiff was incarcerated until June 21, 2002. While Plaintiff was incarcerated in 2002, he was terminated from his employment with the City of Albany. According to Plaintiff's employment

files, he was terminated on May 15, 2002, solely for his failure to report to work for over six weeks.

Plaintiff sued the City of Albany for wrongful termination in the U.S. District Court for the Middle District of Georgia on September 23, 2003. (1:03-CV-145). The case was dismissed without prejudice on February 4, 2004. On December 1, 2003, the Plaintiff filed another suit in this Court against the City alleging the termination violated his constitutional rights. (1:03-CV-160). This suit was also dismissed without prejudice on July 13, 2004. On April 5, 2004, Plaintiff filed a nearly identical suit against the City in the Superior Court of Dougherty County for wrongful termination. (04-CV-0742-2). The case was dismissed on the merits on December 15, 2004. The present suit, alleging wrongful termination and violation of 42 U.S.C. § 1983, was filed on October 14, 2004.

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Court is required to "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in his or her favor." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993) (quotations and citations omitted).

The moving party carries the initial burden of showing that there is an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). The substantive law governing the case determines which facts are material, and "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). For issues on which the non-movant bears the burden of proof at trial, the moving party "simply may show—that is, point out to the district court—that there is an absence of evidence to support

the non-moving party's case.  Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case." Fitzpatrick, 2 F.3d at 1116 (quotations and citations omitted).

If the moving party fails to overcome this initial burden, the Court must deny the motion for summary judgment without considering any evidence, if any, presented by the non-moving party.  Fitzpatrick, 2 F.3d at 1116.   If, on the other hand, the moving party overcomes this initial burden, then the non-moving party must show the existence of a genuine issue of material fact that remains to be resolved at trial.  Id.  Moreover, the adverse party may not respond to the motion for summary judgment by summarily denying the allegations set forth by the moving party.  Rather, the adverse party "must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e).

## II. ANALYSIS

Plaintiff's complaint alleges that his arrests and subsequent termination from employment violated 42 U.S.C. § 1983 and his rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  Defendant argues for summary judgment on the grounds that all of the claims are barred by the statute of limitations, *res judicata* and collateral estoppel. As it is clear that the statute of limitations has expired on all of Plaintiff's claims, the Court will not address Defendant's alternative grounds for summary judgment.

Federal courts apply their forum state's statute of limitations for personal injuries in determining the statute of limitations for 42 U.S.C. § 1983 actions.  Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998).  The Georgia statute of limitations for personal injuries is two years. O.C.G.A. § 9-3-33.  Accordingly, Plaintiff must have commenced this suit within two years of the alleged unconstitutional conduct.

Plaintiff's last arrest was on April 25, 2002.  Plaintiff was terminated on May 15, 2002.  For claims related to these two events, Plaintiff must have filed suit within two years of these dates.  The statute of limitations ran on the arrest claim on April 25, 2004.  The statute of

limitations on claims related to his termination ran on May 15, 2004. Plaintiff did not file the instant suit until October 18, 2004, more than six months after the latest statute of limitations ran.

In his response to Defendant's motion, Plaintiff argues the merits of his claims but does not address the legal issues raised by Defendant. The record is clear that the statute of limitations on all of Plaintiff's claims expired at the latest a little over six months prior to the filing of this suit. Accordingly, Defendant's motion for summary judgment (Tab 21) is **GRANTED.**

**SO ORDERED**, this   16th   day of February, 2005.

                                              /s/W. Louis Sands
                                            **W. LOUIS SANDS, CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**